J-A27033-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SANDRA COOPER, IN HER OWN RIGHT AND AS ADMINISTRATRIX OF THE ESTATE OF GENE M. COOPER | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : | |
| | : | No. 627 MDA 2023 |
| BRENNTAG NORTHEAST, INC. | : : | |

Appeal from the Order Entered March 31, 2023
In the Court of Common Pleas of Lancaster County Civil Division at
No(s):  CI-15-08202

BEFORE:   LAZARUS, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:               **FILED: MARCH 6, 2024**

Sandra Cooper ("Appellant") in her own right and as administratrix of the Estate of Gene M. Cooper, appeals from the March 31, 2023, order granting summary judgment in favor of Brenntag Northeast, Inc. ("BNI") in Appellant's wrongful death action.  After careful consideration, we conclude that a prior adverse judicial determination on the issue of whether Mr. Cooper filed his underlying personal injury action after the expiration of the statute of limitations collaterally estops Appellant from relitigating this issue. Accordingly, we affirm.

---

[*] Former Justice specially assigned to the Superior Court.

The trial court opinion[1] sets forth the pertinent facts and procedural history, as follows:

I.    FACTUAL SUMMARY

Mr. Gene M. Cooper began employment at Armstrong World Industries, Inc. ("AWI") in September 1974.    During his employment, he regularly used a solvent to degrease the manufacturing equipment.  [Plaintiff/Appellant] alleges that this solvent was the brand-named Safety Solvent and that BNI produced, sold, and distributed the product to AWI.[Fn]   This solvent contained methylene chloride ("MC"), Trichloroethylene ("TCE"), and methyl ethyl ketone ("MEK"), and together these three chemicals formed a toxic mixture.

---

[Fn]   BNI denies that it ever produced, sold, or distributed Safety Solvent.

---

While his duties at AWI exposed Mr. Cooper to the solvent on a regular basis, he experienced a more significant exposure on September 25, 2003, during a clean-up.   This exposure immediately and severely damaged Mr. Cooper's brain.   He returned home from work on September 25, 2003, with an uncontrollable cough, a splitting headache, and burning sinuses (Third Am. Compl. ¶ 123).  Mr. Cooper's brain never recovered from this exposure (*Id*. ¶ 124).  By April 2004, Mr. Cooper was unable to work at all.  (*Id*. ¶ 129).  He went on disability status in May 2004, and from that point onward, [Appellant] "devoted [her] time and efforts to get [her] husband's brain damage diagnosed and treated."  BNI Renewed Mot. Summ. J. Ex. G ("Pl.'s Aff.")

In October 2005, a doctor at Drexel Medical Center told [Appellant] to "bring him back when you know what he was exposed to."  (*Id.*)  In July 2006, his disease progression forced

---

[1] Internal footnotes appearing in the trial court's opinion are hereinafter denoted by "[Fn]" and set off within our block quote of the trial court opinion.

Mr. Cooper out of the family home, first into an assisted-living facility and later into skilled-nursing care (Third Am. Compl. ¶¶ 129-30). Dr. Stephen Gold diagnosed Mr. Cooper with work-related toxic encephalopathy on December 17, 2007 (Third Am. Compl. ¶ 273). [Appellant] filed a negligence action against BNI in December 2009.[Fn] Mr. Cooper died on February 5, 2014 (Id. ¶ 145).

---

[Fn] Cooper II, docketed at Lancaster County Court of Common Pleas Docket No. 15-08200, was dismissed on summary judgment by [the trial court] on October 13, 2017, based on the statute of limitations. In Cooper II, [the trial court] noted that Pennsylvania adopted in **Wilson v. El-Daief**[, 964 A.2d 354 (Pa. 2009)] the stricter notice standard for determining when the statute of limitations period begins to run. Based on the undisputed facts of Cooper II, [the trial court] determined the plaintiffs had notice in April 2004, August 2005, and "at the very latest, . . . were put on notice in November 2007, when Dr. Stephen Gold provided a diagnosis of work-related toxic encephalopathy." It was a final order deciding the issue of statute of limitations and resulting in the termination of the case. No timely appeal of the court's summary judgment order was taken. However, Cooper II was appealed on other grounds all the way to the Pennsylvania Supreme Court, which denied allocator.

---

II. PROCEDURAL HISTORY[]

The present action commenced with the filing of [Appellant's] complaint on October 22, 2014, in the Court of Common Pleas of Philadelphia County at October Term, No. 02594 (141002594). On September 23, 2015, the case was transferred to the Court of Common Pleas of Lancaster County at Docket No. CI-15-08202 ("present action" or "Cooper III"). The present action is the last of a group of more than thirty cases involving numerous plaintiffs who brought various claims primarily against former defendant Armstrong World Industries, Inc., and current defendant BNI.

The present action began in October 2014 as a wrongful death and survival lawsuit against multiple defendants.[Fn]  [Appellant] filed her third amended complaint in the present action on October 6, 2017.  [The trial court] sustained preliminary objections to the third amended complaint on December 6, 2017, dismissing the complaint with prejudice.  [The trial court] relied on *res judicata* grounds as to BNI.

[Appellant] appealed the dismissal of the complaint as to BNI on the Wrongful Death claims only.  The Superior Court reversed [the trial court's] decision as to Wrongful Death, determining *res judicata* did not apply because Cooper II had been decided on statute of limitations, not the merits of the case. [2] All other issues on appeal were affirmed.  Cooper III is now limited to Count I, a wrongful death claim against BNI.

Thereafter, BNI filed an answer to the complaint and later a motion for summary judgment on December 14, 2021, asserting (1) the doctrine of collateral estoppel (issue preclusion) prevents plaintiff from denying BNI's affirmative defense of statute of limitations, and (2) the independent facts of the case demonstrate BNI is entitled to summary judgment based on the statute of limitations.  [Appellant] responded in opposition on January 14, 2022, arguing that whether the statute of limitations has run is a

_____

2 In our memorandum decision ***Cooper v. Armstrong World Indus.***, No. 117 MDA 2018 (Pa. Super. filed  December 27, 2018) (non-precedential decision), we reasoned that we were "constrained" to affirm in part, reverse in part, and remand for further proceedings without addressing the discrete limitations issue because the trial court had not addressed it.  Instead, the trial court erroneously applied the doctrine of *res judicata*, or claim preclusion, to find that the court previously had rejected the wrongful death claim "on its merits" when it applied the statute of limitations to find Appellant had filed it out of time.  We observed that finding a claim to have been filed out of time under the applicable limitations period constitutes not a decision on the merits of the claim itself but, instead, only a determination that a remedy for the claim is no longer available in the jurisdiction imposing the corresponding limitations period.  Therefore, *res judicata*, or claim preclusion, does not result from the application of the statute of limitations.  As we discuss *infra*, however, because the distinct *issue* of whether the statute of limitations bars relief in Appellant's action was addressed and decided on its merits in a previous judicial determination, we find that collateral estoppel, or issue preclusion, applies to defeat Appellant's wrongful death claim.

genuine question of material fact, that [BNI's] motion is untimely, and that two intervening appellate cases make summary judgment inappropriate.

Trial Court Opinion, 3/31/23, at 1-4.

In the trial court's March 31, 2023, order granting summary judgment, it determined that Appellant's wrongful death claim was barred by the statute of limitations because Mr. Cooper's underlying personal injury claim no longer viable at the time of his death, the applicable two-year limitations period having commenced no later than in November 2007 and expired no later than November 2009, prior to the December 1, 2009, filing of Mr. Cooper's negligence action.[3]  This timely appeal followed.

Appellant raises the following issues for this Court's review:

1. Where, as here, the Trial Court, on two separate occasions, selected the accrual date of Appellant's cause of action, granted summary judgment and dismissed Appellant's case in its entirety, despite the existence of issues of fact regarding the accrual date, and where this Court previously rejected both attempts by the Trial Court to select the accrual date of the cause of action for purposes of finding that the statute of limitations had expired prior to the filing of this and another case, whether the Trial Court erred in holding (a third time) that the accrual date was identical to the date which was twice previously rejected by this Court, based on estoppel principles.

2. Where, as here, after the case was remanded from this Court on December 27, 2018, no substantive discovery on the issue of the statute of limitations took place (as the Trial Court stayed all discovery), and, therefore, the Summary Judgment Record on the issue of the statute of limitations

_____

[3] **See** Section 5524(7) of the Judicial Code, 42 Pa.C.S. § 5524(7) (imposing two-year statute of limitations period on an action sounding in tort).

- 5 -

was identical to the record as it existed on December 27, 2018, with no new facts presented to the Trial Court between December 27, 2018 and March 31, 2023, whether the Trial Court erred in granting summary judgment in favor of BNI, as its basis for granting summary judgment could not be factually supported in any way other than with reference to facts and legal arguments found in its previously reversed December 6, 2017 Order?

Brief for Appellant, at 7-8.

In reviewing a trial court's grant of summary judgment,

[W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.

Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [a] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense.

Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

*Chenot v. A.P. Green Services, Inc.*, 895 A.2d 55, 61 (Pa. Super. 2006) (internal citations and quotation marks omitted).

Appellant's two issues coalesce to assert the trial court erroneously granted summary judgment in favor of BNI and dismissed the case in the absence of sufficient discovery on what she maintains is the continuing genuine issue of material fact as to when Mr. Cooper knew or should have known that the negligence of BNI in manufacturing, producing, selling, or supplying the solvent to his employer was the cause of his work-related toxic encephalopathy. Because this issue of material fact remained open beyond November 2007 at the very least, Appellant argues, the two-year statute of limitations could not have run out before December 1, 2009, the date on which Mr. Cooper initiated his personal injury action against BNI. Therefore, Appellant posits that Mr. Cooper's underlying personal injury action was timely filed, remained viable at the time of his death, and, it follows, capable of sustaining Appellant's wrongful death action filed after his passing.[4]

---

[4] "Although a third party's right of action in a wrongful death claim is an independent statutory claim of a decedent's heirs and is not derivative of a decedent's right of action, . . . 'a wrongful death claim still requires a tortious injury to succeed.'" *Valentino v. Philadelphia Triathlon, LLC*, 209 A.3d 941, 945 (Pa. 2019). In that vein, it is well-settled that a wrongful death action is barred where a cause of action by the deceased at the time of death would have been barred by the statute of limitations. *See*, *e.g.*, *Valentino v. Philadelphia Triathlon, LLC*, 150 A.3d 483, 492-93 (Pa. Super. 2016), *aff'd*, 209 A.3d 941(Pa. 2019). *See also Ingenito v. AC&S, Inc.*, 633 A.2d 1172, 1176 (Pa. Super. 1993) (observing "no action for wrongful death can be maintained where the decedent, had he lived, could not himself have recovered for the injuries sustained.").

BNI counters simply that the two-year statute of limitations on the personal injury claim underlying the present wrongful death action started to run by November 2007 at the latest and put Mr. Cooper out of time when he filed his personal injury action more than two years later, on December 1, 2009. In support, BNI points to a timeline beginning with the immediate manifestation of neurologic symptoms following Mr. Cooper's clean-up of a 2003 solvent spill, his 2004 retirement because of debilitating injuries caused by the work-related exposure, the 2005 diagnosis of cognitive disorder possibly caused by the toxic exposure, and the November 2007 medical diagnosis of work-related toxic encephalopathy.

Furthermore, BNI relies on the prior judicial determination of the trial court which, in the Coopers' underlying personal injury lawsuit, entered its October 13, 2017, order adopting the above factual timeline to grant BNI's motion for summary judgment on the finding that the statute of limitations had commenced in November of 2007 and expired before the Coopers filed their December 1, 2009, personal injury action.[5] BNI therefore argues that application of the collateral estoppel (or issue preclusion) doctrine precludes Appellant from prevailing on a decided predicate issue on which her wrongful death claim necessarily depends. For reasons that follow, we conclude that

---

[5] This Court previously acknowledged that "Appellant Cooper did not seek appellate review of the Order Granting M/SJ [motion for summary judgment] and dismissing the Third Amended Complaint with Prejudice. . . . *See Cooper v. Brenntag Northeast, Inc.*, 249 A.3d 1164 (Pa. Super. 2021) (non-precedential decision).

the trial court properly deemed Appellant collaterally estopped from contesting the prior, final judicial determination that the statute of limitations on the underlying personal injury claim had expired in November 2009 at the latest.

This Court recently discussed the doctrine of collateral estoppel and its proper application, as follows:

> "The phrase 'collateral estoppel,' also known as 'issue preclusion,' simply means that when an issue of law, evidentiary fact, or ultimate fact has been determined by a valid and final judgment, that issue cannot be litigated again between the same parties in any future lawsuit." *Id.* (citation omitted); *see also Chada v. Chada*, 756 A.2d 39, 42 (Pa. Super. 2000) (doctrine of collateral estoppel precludes litigation of claims and issues that have previously been litigated).
>
> > An issue is actually litigated when it is properly raised, submitted for determination, and then actually determined. For collateral estoppel purposes, a final judgment includes any prior adjudication of an issue in another action that is sufficiently firm to be accorded conclusive effect.
>
> *Brockington-Winchester*, 205 A.3d at 1284 (citation omitted).

Collateral estoppel applies when:

> > (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment.
>
> *Chada*, 756 A.2d at 42.

*In re R.H.M.*, 303 A.3d 146, 151 (Pa. Super. 2023).

The collateral estoppel question before us asks if there exists a prior, final judgment on the merits of an essential, identical statute of limitations issue that took the Coopers out of court after they had received a full and fair opportunity to litigate the issue. BNI answers that such a judgment was entered in the trial court's order of October 13, 2017, granting BNI's motion for summary judgment and dismissing the original 2009 Lawsuit based on its review of the factual record and its subsequent determination that the "limitations period began to run at the very latest in November 2007. . . . [and] Plaintiffs failed to commence their action within the statutory period, as they did not file a writ of summons until December 1, 2009." Trial Court Order and Opinion, 10/13/17. The trial court thus entered this judgment after a review of the fully litigated facts and authority pertaining to the issue of whether Mr. Cooper's cause of action was filed out of time. Furthermore, Appellant failed thereafter to file a timely appeal challenging the trial court's decision on this determinative issue.

Therefore, there is no question that a final, adverse judicial determination was made on the merits of the issue of whether Mr. Cooper timely filed the personal injury claim against BNI. In the present wrongful death action, Appellant Mrs. Cooper revisits the identical statute of limitations issue, and she asks the court once again to review the same pertinent facts, procedural history, and legal authority bearing on the limitations issue but to reach a decision opposite to that previously reached by the trial court, whose order entering summary judgment was not challenged by a timely appeal.

Because the viability of the decedent's personal injury claim is a necessary predicate to the present wrongful death action,[6] and there exists adverse to Appellant's interest a prior final, merits-based determination on the issue of whether decedent's personal injury claim was filed after the accrual of the statute of limitations, we find the doctrine of collateral estoppel applies to bar Appellant's wrongful death action.

Order affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/6/2024

_____

[6] **See Valentino v. Philadelphia Triathlon, LLC**, 150 A.3d 483, 492-93 (Pa. Super. 2016), **aff'd**, 209 A.3d 941(Pa. 2019).